PER CURIAM.
Chris Andriakos, plaintiff below, appellee here, negotiated three contracts for the appellant, Robert E. Lee & Co., Inc., a foreign corporation, which was defendant below. This corporation was engaged in dredging, filling and improving submerged lands. The contracts allowed appellant to improve submerged lands in Pinellas County and to sell the improved lands.
The first contract, dated June 19, 1956, was negotiated ■with-' Leslynn, Inc. The second, dated July 1, 1957, was negotiated with Boca Ciega Land Company. The third, dated July 1, 1957, was negotiated with Alex Wilson, Alfred S. Mariani and John C. O’Brien, in which they guaranteed the performance of the contract with the Boca Ciega Land Company.
On January 13, 1959, the appellant sold the land in Yacht Club Estates (composed of the Leslynn Tract and Yacht Club Estates Tract) to the Stumm Development Corporation for $1,332,241.53. The appellant agreed, by two separate written instruments, to pay the appellee a percentage of the profits made on the sale of each tract of land. The percentages, as agreed, were 25% of the profits on the Leslynn Tract and 18.75% on the Yacht Club Estates Tract.
The appellant received as its proceeds from the sale $100,000 cash, a purchase money mortgage for $913,967.00, and promissory notes totalling $125,000. The mortgage was made to the Seward Dredging Company, a subsidiary corporation of appellant. The promissory notes were signed by Alex Wilson, Alfred S. Mariani and John C. O’Brien.
The appellee brought suit for an accounting and the court below entered an order for an accounting as of January 13, 1959.
The lower court computed the net proceeds on the sale by including the Seward mortgage and the promissory notes. The net proceeds were divided equally between the Leslynn Tract and the Yacht Club Estates Tract, one-half to each.
*415 In the final decree, the trial court awarded the appellee $118,417.00 and this appeal ensued.
The circuit court entered the decree, from which this appeal was taken, on the 1st of May, 1967. By a decree dated January 5, 1967, the court held that the plaintiff was entitled to an accounting and directed the defendant-appellant to furnish to the plaintiff-appellee an accounting with all costs incurred in connection with the filling of the two properties _ referred to as Leslynn Fill and Yacht Club Estates Fill.
The court then stated that the defendant had heretofore furnished to the plaintiff a statement of Bogue, Compton, Vass and Evans, Certified Public Accountants, dated March 11, 1967, containing a statement of defendant’s costs in connection with the filling of the aforesaid parcels, and that the plaintiff had accepted the statement of costs of said fills filed by the defendant in this cause.
The court then found as follows :
“1. On January 13, 1959, the Defendant sold all of the land in Yacht Club Estates except one-half of the ‘hammerhead’ to Stumm Development Corporation for the total sum of $1,332,241.53. The amount received by the Defendant for its equity in the aforementioned sale amounted to $100,000.00 cash plus a mortgage for $913,967.00.
“2. One-half of the net proceeds of the aforementioned sale is applicable to the Leslynn Fill or $504,392.00. According to the statement furnished by Plaintiff’s (sic) accountant, dated March 11, 1967, the total costs incurred prior to January 13, 1959, with respect to the development of the Leslynn Fill amounted to $160,170.00 or a net profit of $344,222.00.
“3. Plaintiff, pursuant to the agreement with the Defendant dated June 19, 1956, is entitled to 25% of the aforementioned figure, or $86,056.00.
“4. The remaining one-half of the net proceeds of the sale of the Yacht Club Estates parcel of $504,392.00, plus the promissory notes of Wilson, Mariani and O’Brien totalling $125,000.00, and attributable to the Yacht Club Estates Fill making total receipts of $629,392.00. The costs of development according to the statement of March 11, 1967, prepared by Bogue, Compton, Vass and Evans amount to $446,133.00 (including an adjustment of $89,227.00 by reason of an increase of the costs per cubic yard of fill). This results in a net profit on this transaction of $183,259.00.
“5. Plaintiff, pursuant to the agreement with the Defendant dated October 16, 1957, is entitled to 18.75% of the net profit on the Yacht Club Estates transaction, which amounts to $34,361.00.
“6. The total amount due Plaintiff in accordance with the foregoing computation is Leslynn Tract $86,056.00, Yacht Club Estates Tract $34,361.00, totalling $120,417.00, less partial payment of $2,000.00, or a net figure of $118,-417.00.
“7. The aforementioned sum of money was due by the Defendant to the Plaintiff on January 13, 1959, and that the Plaintiff is therefore entitled to interest from the Defendant at the rate of 6:% per annum from and after January 13, 1959.”
The court thereupon entered a judgment in favor of Chris Andriakos and against the defendant, Robert E. Lee & Company, Inc., for the sum of $118,417.00 with interest from the 13th day of January, 1959.
After a careful and thorough review of the record and briefs of the parties in this case and extensive research, we conclude the lower court should be affirmed in this difficult accounting case.
Affirmed.
ALLEN, Acting C. J., and SHANNON and PIERCE, JJ., concur.